IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| RUCKUS RECORDS, and GRANT SAXENA, Founder of Ruckus Records; <br><br> Plaintiffs, <br><br> vs. <br><br> JEFFERY THOMAS ALLEN, <br><br> Defendant. | 8:23CV167 <br><br><br> **MEMORANDUM AND ORDER** |

This matter is before the Court on Plaintiff "Ruckus Records, appearing through Founder Capt. Saxena['s]," motion to proceed in forma pauperis ("IFP"). Filing No. 2.

As an initial matter, the Complaint lists Ruckus Records as a corporation established in the United Kingdom. Filing No. 1 at 1, 3. Under the *in forma pauperis* statute, 28 U.S.C. § 1915, the use of the word "person" refers only to individuals, not to artificial entities. *Rowland v. California Men's Colony, Unit II Men's Advisory Council*, 506 U.S. 194, 201–11 (1993). While the IFP motion attempts to associate Ruckus Records with what appears to be a natural person and co-Plaintiff Grant Saxena, proceeding as an entity associated with a natural person does not suffice to grant IFP status. *Id.* Therefore, the motion to proceed IFP must be denied as to Ruckus Records.

Moreover, legal entities, as opposed to natural persons, cannot litigate in this forum without representation by licensed counsel. *Id.* at 201–02 ("It has been the law for the

better part of two centuries . . . that a corporation may appear in the federal courts only through licensed counsel."). To the extent Ruckus Records seeks to proceed after payment of the filing fee, it must do so with the assistance of licensed counsel or Plaintiff Ruckus Records will be subject to dismissal from the action.

While unclear from the Complaint, if Plaintiff Saxena intended to proceed individually, the Court notes the Complaint is deficient as it contains only an electronic signature of Saxena as founder of Ruckus Records. Filing No. 1 at 6. Federal Rule of Civil Procedure 11 requires all pleadings "be signed" and electronic signatures may only be used when in compliance with NECivR 11.1. When a filing is "nonelectronic," such as the Complaint here, a handwritten signature is required.

Finally, if Plaintiff Saxena intended both to proceed as an individual plaintiff and for the IFP motion to apply to Plaintiff Saxena individually, the IFP motion is also deficient as it does not comply with the terms of 28 U.S.C. § 1915, the statute authorizing proceedings in forma pauperis. *See* 28 U.S.C. § 1915(a)(1) (requiring the plaintiff to submit "an affidavit that includes a statement of all assets such prisoner possesses that the person is unable to pay such fees or give security therefor"). Therefore, Plaintiff Saxena has the choice of either submitting the $402.00 filing and administrative fees to the clerk's office or submitting a request to proceed in forma pauperis that complies with 28 U.S.C. § 1915, if Plaintiff intends to proceed individually.

IT IS THEREFORE ORDERED that:

1. Plaintiffs' Motion for Leave to Proceed IFP, Filing No. 2, is denied with prejudice as to Ruckus Records and without prejudice to reassertion in a motion to

proceed in forma pauperis filed by Plaintiff Saxena, individually, that complies with 28 U.S.C. § 1915.

2. Plaintiff Saxena shall have 30 days to obtain counsel for Ruckus Records and pay the $402.00 filing fees to the Clerk's Office, amend the Complaint and allege claims for relief personal to Saxena in a properly signed complaint and to either pay the $402.00 filing fee or file a proper IFP motion if Saxena intends to proceed on his own behalf, or both. Failure to take said action will result in dismissal of this matter without further notice.

3. The Clerk of the Court is directed to send to Plaintiff Saxena the Form AO240 ("Application to Proceed Without Prepayment of Fees and Affidavit").

4. The Clerk of the Court is directed to set the following pro se case management deadline in this matter with the following text: **October 5, 2023**: Check for response to order.

Dated this 5th day of September, 2023.

BY THE COURT:

Joseph F. Bataillon
Senior United States District Judge

3